Theodore J Piteo, OSB 090311
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Attorneys for 72nd Avenue Property, LLC, Debtor.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>72nd Avenue Property, LLC<br><br>Debtor-in-possession. | Case No. 24-31211-pcm11<br><br>CHAPTER 11 PLAN<br>DATED April 30, 2024 |

### ARTICLE I - SUMMARY OF PLAN

This Plan of Reorganization provides for the continued operations of the Debtor's Business and for payments to secured and unsecured creditors as detailed below.

Administrative claims and priority tax claims will be paid in full on the Effective Date of the Plan unless the claimant agrees in writing to different treatment.

The secured claims of consensual lienholders are generally impaired by the Plan with their specific treatment detailed in Article IV below.

The holders of general unsecured claims owed $500 or less AND any holder of a general unsecured claim who elects in writing to reduce its claim to $500 will receive payment in full with no interest within 30 days after the Effective Date of the Plan. General unsecured claims

will receive 100% of their claims, estimated at approximately $630,000 with interest at the Federal Judgment Rate, in the next five years from semi-annual payments but may be paid off sooner from the sale or refinance of Debtor's 72nd Property as outlined at Exhibit D attached to the Disclosure Statement

**Deadline for Ballots / Objections to be Filed**

The Court has not yet confirmed the Plan. This section describes the procedures and deadlines for you to vote for or against the Plan or to file objections to the Plan.

*1. Who is Entitled to Object and Who is Entitled to Vote*

Any party in interest may object to confirmation of the Plan if that party believes that the requirements for confirmation are not met. Any party in interest may object to the adequacy of the disclosures made in the Disclosure Statement if that party believes that the disclosures are inadequate. However, a Creditor has a right to vote for or against the Plan only if two conditions are met: first, the claim of the Creditor must be allowed (or allowed for voting purposes) and second, the claim must be impaired. Unimpaired creditors are not entitled to vote. Insiders are not entitled to vote. If any creditor wishes its claim to be treated as an administrative convenience claim, it may so elect on the ballot to accept the Plan.

*2. Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the Plan, you will vote on a ballot which will be provided to you for that purpose and must return the ballot to Theodore J. Piteo at Michael D. O'Brien & Associates, P.C., 12909 SW 68th Parkway, Suite 160, Portland, OR 97223. Once authorized by the Court, the Debtor will provide separate notice to creditors with a deadline for voting.

*3. Deadline for Objecting to the Adequacy of Disclosure and Plan Confirmation*

Objections to the adequacy of the disclosures contained in the Disclosure Statement must be filed with the Court and served upon both (a) counsel for the Debtor in Possession at: Theodore J. Piteo at Michael D. O'Brien & Associates, P.C., 12909 SW 68th Parkway, Suite 160, Portland, OR 97223 and (b) United States Trustee, Attn: Stephen P. Arnot, 1220 SW 3rd Ave., Room 315, Portland, OR 97204. Once authorized by the Court, the Debtor will provide separate notice to creditors with a deadline for objections to the adequacy of the Disclosure Statement and Confirmation of Plan.

a. **Final Hearing on the Plan**

The hearing at which the Court will consider confirmation of the Plan and determination of the adequacy of the disclosure set forth in the Plan will take place either online by zoom or at United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Ave., Portland, Oregon 97204 before the Honorable Peter C. McKittrick. Once authorized by the Court, the Debtor will provide separate notice to creditors with the specific date and time of the confirmation hearing.

b. **Contact for Additional Information**

If you want additional information about the Plan you should contact the Debtor's counsel at: Theodore J. Piteo at Michael D. O'Brien & Associates, P.C., 12909 SW 68th Parkway, Suite 160, Portland, OR 97223.

## ARTICLE II - DEFINITIONS

1. <u>72nd Property.</u>   The combined commercial and residential real property owned by Debtor located in Washington County at 11740 SW 72nd Avenue, Tigard, Oregon 97223.

2. ADMINISTRATIVE EXPENSE. An administrative expense (including a professional fee or expense) that is entitled to priority of payment under 11 USC §507(a)(2) and that is an allowed claim under 11 USC §503.

3. ALLOWED CLAIM. Allowed Claim shall mean a Claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation, or (b) appearing on the schedules and lists prepared and filed with the Court and not listed as disputed, contingent or unliquidated as to amount and in either case to which no objection has been filed, or as to which any such objection has been determined by order of the Court and which order is no longer subject to appeal.

4. CLAIM. Claim shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against the Debtor on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

5. CONFIRMATION. Confirmation means the date upon which the Confirmation Order is entered by the Court.

6. COURT. Court means the United States Bankruptcy Court for the District of Oregon, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

7. CREDITORS. Creditors means all creditors of the Debtor holding claims for secured debts, unsecured debts, liabilities, demands or claims of any character whatsoever.

8. DEBTOR. Debtor means 72nd Avenue Property, LLC, a limited liability company organized under the laws of the State of Oregon and owned fully by its member/manager, Richard Cassinelli.

9. DEFAULT.  Default means Debtor's failure to perform any requirement specified in the Plan.

10. DISTRIBUTION POOL ACCOUNT.  Also referred to as the 72nd Avenue Property, LLC Distribution Pool Account.  An account to be opened by the Reorganized Debtor into which it will deposit funds devoted to the Plan and out of which it will make distributions to creditors pursuant to this Plan.

11. EFFECTIVE DATE.  Effective date means 45 days after the Court enters an Order Confirming Chapter 11 Plan.  For purposes of the Disclosure Statement and related exhibits the *projected* Effective Date is August 15, 2024

12. ESTATE.  The estate created under 11 USC §541 by reason of the commencement of this case.

13. IMPAIRED CLAIM.  An impaired claim has the meaning defined in 11 USC §1124 of the Bankruptcy Code.

14. MEMBER. The Debtor's owner and sole member, Richard Cassinelli.

15. OFFICIAL MAILING LIST.  The official mailing list for notices and distribution checks made pursuant to the Plan shall be the official list maintained by the Clerk of the Court, United States Bankruptcy Court, 1050 SW Sixth Avenue, Suite 700, Portland, OR 97204.  It shall be the obligation of each creditor and/or party in interest to ensure that the official mailing list is current and accurate as to each entity.

16. PETITION DATE.  Petition Date means the date on which the Debtor filed its Petition for Relief under Title 11 with this Court.

17. PLAN.  Plan means this Chapter 11 Plan of Reorganization in its present form or as it may be amended.

PAGE 5 – DEBTOR'S CHAPTER 11 PLAN DATED April 30, 2024

Case 24-31211-pcm11    Doc 9    Filed 04/30/24

18. REORGANIZED DEBTOR.  Following the Effective Date, the Debtor as reorganized pursuant to the Plan.

19. SECURED CREDITORS.  Secured Creditors means all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected by law with respect to the property owned by the Debtor and which has not otherwise been avoided by operation of Bankruptcy law or through affirmative action of the Debtor or trustee.

20. TERM OF PLAN.  A period beginning on the effective date of the Plan and ending when all payments and other acts required of the Debtor under the Plan have been made.

### ARTICLE III - TREATMENT OF UNCLASSIFIED CLAIMS

1. Administrative Claims.  Each holder of an allowed claim entitled to administrative expense priority under 11 USC §507(a)(2) and §503 shall receive cash in the full amount of such claim on the later of (a) the effective date of the plan, or (b) at such later date as the holder of such claims may agree in writing.

    a. **Expenses Arising in the Ordinary Course of Business**

    These claims will be paid based on the ordinary course business terms between the Debtor and the provider.  All ordinary course business expenses are current.  Exceptions to this statement include:  NONE.

    b. **Professional Fees to Attorney**

    Professional fees are subject to approval by the Court and are entitled to administrative expense priority under 11 USC §507(a)(2).  These fees will be paid in full on the Effective Date of the plan unless the holder of such a claim has agreed in writing to deferred payments or other treatment.  If any professional fees have not been approved by the Court, in whole or in part, on

the Effective Date of the Plan, then such professional fees will be paid pursuant to Court Order approving the fees.

    **c. U.S. Trustee Fees**

The Debtor shall pay, on or before the Effective Date, any then outstanding fees owing pursuant to 28 USC §1930 to the Office of the United States Trustee and the Reorganized Debtor shall be responsible for ongoing timely payment of such fees incurred until the case is closed, converted, or dismissed. After confirmation, the Reorganized Debtor shall file with the Court a financial report for each month, or portion thereof, that the case remains open. The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the plan.

2. <u>Priority Tax Claims</u>. Each governmental unit holding an allowed unsecured claim entitled to priority under 11 USC § 507(a)(8) shall be paid in full with allowed statutory interest on the Effective Date of the Plan. Interest shall accrue on the unpaid balance of each allowed Priority Tax Claim at the rate allowed by 26 USC §6621 or the allowed rate under the Oregon Revised Statutes. Affected Claimants with Priority Tax Claims include:

    <u>None – Zero Tax Debt.</u>

### ARTICLE IV – CLASSIFICATION AND TREATMENT
### OF CLAIMS AND INTERESTS

All claims, other than unclassified claims, are placed in the following classes. A claim is classified in a particular class only to the extent that it qualifies within the description of that class and is classified in a different class to the extent that it qualifies within the description of that different class.

| Class | Impairment | Treatment |
|---|---|---|
| 1 –Claim of Avatar Capital Finance (First position lien Secured to 72nd Property) | Impaired | Debtor shall reamortize the Loan of the Class 1 Claimant over a period of 30 years at a fixed 9.5% interest with a balloon payment due in year 3 and capitalize all outstanding pre-confirmation amounts due. The associated note will be deemed current with a new principal balance of approximately $12,320,000. The new principal and interest payment will be approximately $103,593.24. Debtor will contribute all funds, after normal business expenses, to the Class 1 Claimant's Claim, up to the amount of the above payment. If insufficient funds exist to make the full payment, and Debtor has contributed all funds after expenses for the month, then the Debtor will not be in default of this Plan provision. Debtor shall provide monthly reporting during the pendency of the case to verify compliance with this provision. |
| 2 – Claim of Parkview Financial (Second position lien secured against 72nd Property) | Impaired | Debtor shall reamortize the Loan of the Class 2 Claimant over a period of 30 years at a fixed 9.5% interest rate with a balloon payment due at year 3. The associated note will be deemed current with a principal balance of $2,410,000. The new principal and interest payment shall be approximately $20,264.59. In the event funds exist from operations of the 72nd Property above the payment to the Class 1 Claimant, then those remaining funds will go to the Class 2 Claimant. In the event no excess funds exist, then Claimant may not receive a payment until the 72nd Property is |

| | | | |
|---|---|---|---|
| | | | sold or refinanced. |
| 3- Claim of PacWest Funding dba Precision Capital(Third position lien on the 72nd Property) | | Impaired | Debtor shall reamortize the Loan of the Class 3 Claimant over a period of 30 years at a fixed 9.5% interest rate with a balloon payment due at year 3. The associated note will be deemed current with an approximate principal balance of $1,250,000. The new principal and interest payment shall be approximately $10,510.68. In the event funds exist from operations of the 72nd Property above the normal payment to the Class 1 and 2 Claimants, then those remaining funds will go to the Class 3 Claimant. In the event no excess funds exist, then Claimant may not receive a payment until the 72nd Property is sold or refinanced. |
| 4 – Administrative Convenience Class | | Unimpaired | All general unsecured, nonpriority claimants who are either (a) owed $500.00 or less OR (b) owed more than $500.00 but elect in writing to reduce their claim to $500.00 shall be members of the Class 5.  The Class 5 claimants will be paid in full on or before the 30th day after the Effective Date of the Plan. |
| 5 – General Unsecured Class | | Impaired | All general unsecured, nonpriority claimants who are owed more than $500.00 and who do not elect in writing to participate as a Class 4 claimant shall be members of Class 5.  The Class 5 claimants will share pro rata in 10 semi-annual distributions of $1,000 with the final payment being a balloon payment for the remaining balance of the claims. Payments will begin 120 days after the Effective Date. Class 5 Claimants shall receive 100% of their claims with interest at the Federal Judgment Rate in effect on the Effective Date. |

|  |  | Debtor may pay these claims off sooner if it so desires. During the sale marketing period listed in Article VI, the Debtor's Member shall make the semi-annual payments to the Class 5 Claimants from his personal funds. |
|---|---|---|
|  |  |  |

## ARTICLE V - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor expressly affirms and retains its Contracts with the following parties pursuant to their original terms:

All residential and commercial tenant lease agreements.

## ARTICLE VI - MEANS OF IMPLEMENTATION OF THE PLAN

1. <u>General Statement</u>.  Other than property specifically identified in this Plan to be sold, the Debtor shall retain all of its assets.  The Debtor shall continue to conduct its business of management of tenants in the 72nd Property.  Impaired secured claims shall be paid from the ongoing revenue generated by the business and from the sale or refinance of the 72nd Property.  Impaired unsecured claims shall be paid in semi-annual payments over five years from the Debtor's revenues realized from the sale or refinance of the 72nd Property and from the Debtor's Member's personal funds.

2. <u>Funds in Debtor in Possession Accounts.</u>  The Debtor projects that, as of the Effective Date of the Chapter 11 Plan, it will have cash on hand in the Debtor in Possession Account of not less than $150,000.00. After the Effective Date, the Reorganized Debtor will be closing all Debtor in Possession accounts and reopening a separate bank accounts to conduct business and to be used for funds devoted to implementation of this Plan.  The

funds will be deposited into the 72nd Avenue Property, LLC Distribution Pool Account described below. Debtor projects the opening deposit to the Distribution Pool Account will be $150,000.00.

3. <u>72nd Avenue Property, LLC Distribution Pool Account.</u>  After confirmation of the Plan, but prior to the Effective Date, the Debtor shall open a new bank account entitled "72nd Avenue Property, LLC Distribution Pool Account."  Into this account the Debtor shall deposit any funds committed to this Plan.  From this account the Reorganized Debtor shall make payments to creditors including (a) the unclassified claims detailed at Article III above, (b) the monthly payments required by this Plan to be paid to various secured creditors, as more fully described in their Class description above and if available (c) the Class 5 General Unsecured Claimants.  Commencing with the 120th day after the Effective Date and semi-annually thereafter the Debtor or its Member shall distribute at least $1,000.00 on a pro rata basis to the Class 5 claimants.  These payments from the Distribution Pool shall continue until the Debtor has fully satisfied his obligations to the Class 5 claimants.  Exhibit B attached to the Disclosure Statement illustrates the distributions from this Account.

4. <u>Refinance or Sale of the 72nd Property.</u>  The Reorganized Debtor shall refinance or sell the 72nd Property to obtain sufficient funds to satisfy its obligations to the Class 1, 2, and 3 Claimants. Debtor may also utilize funds from this refinance or sale to pay off the Class 5 claimants, if it so chooses. The 72nd Property is currently valued at approximately $17,800,000. Debtor will list the 72nd Property for sale once the Member has stabilized the property with 95% occupancy, with an estimated listing date of December 31, 2024. The Debtor may employ a broker and compensate that broker at the customary rate, not

to exceed 3%, without any further court order. Debtor may also sell the 72nd Property without further order of the Court, so long as all the secured claimants attached to the property will be fully satisfied at closing. More information regarding the sale and proposed distribution from this is outlined at Exhibit D attached to Debtor's Disclosure Statement. Debtor shall target a marketing period for the 72nd Property of 1-2 years. If the 72nd Property is not sold or refinanced on or before December 31, 2026, then Debtor shall surrender the Property to the secured Claimants.

If the Reorganized Debtor decides to refinance the 72nd Property, then the Reorganized Debtor will not require any additional court approval so long as the lienholders are fully satisfied from the refinance. Debtor believes that when conventional interest rates return to 4.5% with a 30 year amortization then it can cash flow the refinance obligation based on the projected rental income as outlined on Schedule C. If the 72nd Property is not sold or refinanced on or before December 31, 2026, then Debtor shall surrender the Property to the secured Claimants.

5. <u>Reservation of Powers</u>. All powers of the Debtor under chapter 3 and 5 of the Bankruptcy Code are expressly reserved, and the Reorganized Debtor may enforce any and all claims and causes of action of the Debtor or this chapter 11 estate following the Effective Date of the Plan except for such claims and causes of action specifically waived, released or assigned in accordance with the plan.

6. <u>Revesting</u>. The Reorganized Debtor shall be vested with all of its property, except property required to perform the obligations under the Plan, free and clear of all claims, liens, charges or other interests of creditors arising prior to the entry of the order confirming plan except for consensual liens upon property securing claims provided for

in the Plan. Except as otherwise provided in the Plan, the Reorganized Debtor may transact business and conduct its affairs free of any restriction of the Court following confirmation of the Plan.

7. <u>Unmarked Ballots</u>. Executed ballots regarding the Plan returned by creditors to the Debtor that do not indicate acceptance or rejection of the Plan shall be deemed and counted as acceptances of the Plan.

8. <u>Distribution Checks; Mailing List; Returned Distribution Checks.</u> Any distribution to creditors contemplated by this plan will be made by wire or by check from an account of the Debtor and will be sent via first class United States mail, postage prepaid to (a) the address listed on the proof of claim filed by the claimant or such other address as the claimant may provide to the Reorganized Debtor in writing, or (b) if no proof of claim was filed by the claimant and the claimant has failed to provide the Reorganized Debtor with a payment address in writing, then the Official Mailing List maintained by the Debtor from this Court. In the event that a distribution check, that has been properly addressed to the creditor as set forth above, is returned undeliverable by the United States Postal Service, the Debtor shall be authorized to (a) void the returned check and use the funds for ongoing business operations, (b) refrain from sending a replacement distribution check unless and until the affected Creditor notifies both the Debtor and Clerk of the Court in writing of a new address, and (c) in the event the Creditor does not notify in writing both the Debtor and Clerk of the Court of a new address before the next disbursement is due, then the Debtor shall be entitled to treat the claim of such creditor as satisfied in full.

9. <u>Timing of Payments and Other Actions</u>.  If this Plan requires the Debtor to make a payment or take some other action by a specific day and that day falls on a Saturday, Sunday or legal holiday, then the action shall be due on the next day following normal Court operations.

10. <u>Compliance with the Plan</u>.  The Debtor, Reorganized Debtor, creditors and all other parties in interest shall take all actions necessary to effectuate the terms of the plan.

11. <u>Federal and State Tax Forms</u>.  The Reorganized Debtor shall prepare and file all federal and state tax forms due to be filed and pay any tax due thereon prior to final disbursement to the Class 5 Claimants.

12. <u>Disputed Claims.</u> A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

   i)   <u>Delay of Distribution on a Disputed Claim</u>

   No distribution will be made on account of a disputed claim unless such claim is allowed.

   ii)   <u>Settlement of Disputed Claims</u>

   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with rule 9019 of the Federal Rules of Bankruptcy Procedure.

13. <u>Payment of Professional Fees and Expenses after the Effective Date</u>. Any professional person employed by the Reorganized Debtor and providing services after the Effective

Date shall be paid reasonable fees and expenses by the Reorganized Debtor without the necessity of Court approval.

14. Severability. If any provision in this Plan is deemed to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

15. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

16. Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

17. Controlling Authority. Unless a rule of law or procedure is supplied by federal law, not including preemption by the Home Owners Loan Act or the National Banking Act, the laws of the State of Oregon govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

18. Tax Implications of Plan. The Reorganized Debtor does project to generate taxable gains from the sale of properties contemplated to be sold in this Plan but will not generate current taxable gains from a refinance. The capital gains or other transfer taxes generated from the sale of one or more properties contemplated to be sold by this plan shall be paid from the sale proceeds of the properties prior to their availability for use by the Reorganized Debtor in consummating the provisions of this Plan.

# ARTICLE VII - DEFAULT

An event of default shall occur if the Reorganized Debtor shall fail to comply with a material provision of the Plan. After an event of default, the party alleging default shall provide written notice stating with specificity the alleged default and the actions deemed necessary to cure such default to Debtor's Counsel and the Reorganized Debtor at the following:

> 72nd Avenue Property, LLC
> c/o Richard Cassinelli
> 4804 NW Bethany Boulevard, # I - 2
> Portland, OR 97229

If, after twenty one (21) days following the written notice of default the Reorganized Debtor has been unable to cure the stated default, then such party may proceed with any remedies available to it under applicable law. Debtor may surrender the 72nd Property to the secured claimants in full satisfaction of any remaining claims owed to those claimants. An event of default occurring with respect to one claim shall not be an event of default with respect to any other claim. Nothing contained in the Plan shall limit the right of any party to move to reopen this case or to move for conversion of this case to a liquidation case under chapter 7 of the Bankruptcy Code if cause for such relief exists.

# ARTICLE VIII – SATISFACTION OF INDEBTEDNESS AND DISCHARGE OF CLAIMS

The distribution made to the various classes of creditors as provided for in the Plan shall be in full and complete satisfaction of their Allowed Claims. The Reorganized Debtor will move to close this case pursuant to FRBP 3022 after Substantial Consummation of the Plan as defined under 11 U.S.C. § 1101. The case will automatically reopen upon the filing of a Notice of Payment Completion and a Request for Entry of Discharge pursuant to §350(b). The court, upon

review of the record, the Plan and any comments from creditors, will issue a discharge pursuant to §1141 after the case is reopened. The discharge of the Debtor shall be effective as to each claim regardless of whether or not (a) a proof of claim was filed, (b) the claim was allowed, or (c) the holder thereof voted to accept the Plan.

## ARTICLE IX - RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the plan, the court shall retain jurisdiction of this chapter 11 case pursuant to and for the purposes set forth in 11 USC §1127(b) to: (a) classify the claim of any creditor, reexamine claims which have been allowed for voting purposes and determine any objection that may be filed to claims, (b) determine requests for payment of claims entitled to priority under 11 USC §507(a)(2) including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate, (c) avoid transfers or obligations and to subordinate claims under chapter 5 of the Bankruptcy Code, (d) approve the assumption, assignment or rejection of executory contracts and unexpired leases pursuant to 11 USC §§365 and 1123, (e) resolve all controversies and disputes regarding the interpretation of the plan, (f) implement the provisions of the plan and enter orders in aid of confirmation, (g) adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this chapter 11 case and (h) enter a final decree closing this chapter 11 case and (i) discharging debtor from any remaining post-petition obligations.

Dated on __April 30, 2024_____.

        72nd Avenue Property, LLC

        By: _/s/ Richard Cassinelli_____
        Richard Cassinelli, its Member/Manager

Presented by:

PAGE 17 – DEBTOR'S CHAPTER 11 PLAN DATED April 30, 2024

Case 24-31211-pcm11    Doc 9    Filed 04/30/24

/s/ Theodore J. Piteo
Theodore J. Piteo, OSB# 090311
Attorney for 72nd Avenue Property, LLC