Theodore J Piteo, OSB 090311
Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
(503) 786-3800
Attorneys for 72nd Avenue Property, LLC, Debtor.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 24-31211-pcm11 |
| 72nd Avenue Property, LLC ) | |
| ) | CHAPTER 11 DISCLOSURE |
| ) | STATEMENT DATED April 30, 2024 |
| Debtor-in-possession. ) | |
| ) | |

On April 30, 2024, 72nd Avenue Property, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code. 72nd Avenue Property, LLC ("Proponent" or "Debtor" herein) has submitted a plan of reorganization, a document which proposes to restructure the Debtor's financial affairs. A copy of the Plan accompanies this statement. The purpose of this Disclosure Statement is to provide adequate information about the Debtor so that a hypothetical reasonable investor, typical of the holders of claims or interests in this case, could make an informed judgment regarding the proposed Plan.

Any interested party desiring further information about the Debtor should contact: Theodore J. Piteo at Michael D. O'Brien & Associates, P.C., 12909 SW 68th Parkway, Suite 160, Portland, OR 97223, 503-786-3800.

## PRELIMINARY INSTRUCTIONS

Only the holders of allowed, impaired claims as defined in the Debtor's Chapter 11 Plan will be entitled to vote on the acceptance or rejection of the Plan. In order to be confirmed by the Court, at least one impaired class must vote for acceptance. The confirmed Plan will be legally binding even if a claim holder votes for rejection. If any creditor wishes its claim to be treated as an administrative convenience claim, it may so elect on the ballot to accept the plan.

## GENERAL SUMMARY OF CLAIM TREATMENT

The accompanying Plan of reorganization describes how all claims will be treated under the proposed Plan. To summarize: non-classified administrative claims will be paid in full on the Effective Date of the plan or later as agreed in writing; secured claim holders will be impaired and paid as proposed by the Chapter 11 Plan; administrative convenience claims will be paid in full with no interest thirty days after the Effective Date of the plan; general unsecured claims will receive 100% of their claims, estimated at approximately $630,000, with interest at the Federal Judgment Rate, in ten semi-annual payments of $1,000, with the final payment being a balloon payment for the remaining balance, starting 120 days after the Effective Date of the Plan. Debtor may pay the claimants off sooner upon liquidation or refinance of the 72nd Property. The Plan contemplates the refinance or sale of the 72nd Property and distribution of the proceeds from that sale to the secured and unsecured creditors. The projected proceeds from a hypothetical sale or refinance of the 72nd Property is attached hereto as Exhibit D. The United States Trustee's Office will continue to receive post-confirmation reporting and timely fee payments as they become due until the case is closed, converted or dismissed. The Effective Date of the plan will be 45 days after the Court enters an Order Confirming this Chapter 11 Plan. The projected Plan will last approximately five years but will likely end considerably sooner.

# IDENTIFICATION OF CLASS AND SUMMARY OF TREATMENT

| Class # | Creditor | Treatment |
|---|---|---|
| 1 | Claim of Avatar Capital Finance (Secured as first position lien against Debtor's 72nd Property) | Impaired. Debtor shall reamortize the Loan of the Class 1 Claimant over a period of 30 years at a fixed 9.5% interest with a balloon payment due in year 3 and capitalize all outstanding pre-confirmation amounts due. The associated note will be deemed current with a new principal balance of approximately $12,320,000. The new principal and interest payment will be approximately $103,593.24. |
| 2 | Claim of Parkview Financial (Secured as second position lien secured against 72nd Property) | Impaired. Debtor shall reamortize the Loan of the Class 2 Claimant over a period of 30 years at a fixed 9.5% interest rate with a balloon payment due at year 3. The associated note will be deemed current with a principal balance of approximately $2,410,000. The new principal and interest payment shall be approximately $20,264.59. |
| 3 | Claim of Precision Capital (Secured as third position lien against 72nd Property) | Impaired. Debtor shall reamortize the Loan of the Class 3 Claimant over a period of 30 years at a fixed 9.5% interest rate with a balloon payment due at year 3. The associated note will be deemed current with a principal balance of $1,250,000. The new principal and interest payment shall be approximately $10,510.68. |
| 4 | Administrative Convenience Class | Unimpaired. Paid in full within 30 days after the Effective Date. |
| 5 | General Unsecured Creditors | Impaired. Will share in pro rata semi-annual distributions totaling not less than $1,000.00, with interest at the federal judgment rate in effect on the Effective Date, to be paid in ten semi-annual payments unless paid off sooner. Debtor may also utilize funds from the sale or refinance of the 72nd Property to satisfy the remaining amount of the Class 5 Claimants' claims. Class 5 claimants will be paid in full. |
| | | |

# HISTORY AND DESCRIPTION OF DEBTOR AND ITS BUSINESS AND CIRCUMSTANCES RESULTING IN FILING

Debtor owns a parcel of real property with offices and buildings located at 11740 SW 72nd Avenue, Tigard, Oregon ("72nd Property"). Debtor performs building and rental management services for the 72nd Property. Debtor is a Single Asset Real Estate Debtor as that term is defined at 11 U.S.C. 101(51B). Debtor is owned by a single member, Richard Cassinelli, who controls and directs these business activities (the "Member"). Debtor has no employees other than the Member. A receiver was appointed by the Multnomah County Circuit Court on November 28, 2023. The 72nd Property is subject to three liens. The senior loan is with Avatar Capital Finance with a current balance due of approximately $12,320,000. The second lienholder is Parkview Financial with an approximate current balance due of $2,410,000. The third lienholder is Precision Capital with an approximate current balance due of $1,250,000.

The Debtor and its Member completed construction of the 72nd Property in 2020 and closed on financing with Parkview in December 2021. Debtor was able to successfully manage the rentals in the unit and sustained a regular 95% occupancy rate thereafter. Debtor made all payments under the Parkview loan until November 2022. At that time Debtor reached out to Parkview to extend the maturity date for 6 months via an option in the financing contract. Parkview refused to honor their contractual extension provision, but assured the Debtor's Member that they would give Debtor more time to refinance. The loan matured on December 22, 2022 and, surprisingly based on Parkview's prior representations, Debtor received a notice of default and demand the next day. Debtor entered into negotiations with Avatar Capital Financing to refinance the Parkview Loan but Parkview began adding fees and charges on an unreasonable basis, which forced the Debtor to choose between immanent foreclosure and ongoing negotiations. Unfortunately, the Debtor thereafter had trouble executing a new refinance of its outstanding obligations with Avatar and the remaining small loan to Parkview. Forbearance

agreements were negotiated with the secured creditors to acquire more time for Debtor to refinance the 72nd Property. Debtor worked actively with its Member to refinance the 72nd Property during that time, but, ultimately, the interest rate environment made it challenging to refinance the property. Then the Debtor was removed as the operating manager and a receiver was appointed and the building was listed for sale with a realtor. Only vultures looking for a deal were approaching the Debtor's realtor regarding purchasing the building and the receiver decided it would not show and rent new units or maintain the property in a commercially reasonable fashion. The pending foreclosure and the rapidly declining occupancy rates caused the value of the building to drop further. Parkview subsequently filed to hold a foreclosure sale and were unwilling to cancel their foreclosure sale and continue negotiations with the Debtor's Member. The final trustee foreclosure sale was scheduled for May 1, 2024 at 10am. Debtor filed this case to stop the trustee sale and to attempt to gain breathing room to stabilize the occupancy, regain control of management, and obtain refinancing of the 72nd Property or market and sell it for the benefit of all the Creditors with a larger pool of potential buyers without the imminent threat of foreclosure.

## CLAIM CLASSIFICATION & CLASS TREATMENT SUMMARY

Listed below is the claim classification for each creditor and the general summary of the Plan treatment. The Plan will control over the Disclosure Statement if any inaccuracies are present. Attached to this Disclosure Statement at Exhibit B is a projection of distributions to be made under the Plan. Debtor will be making a waterfall payment to the Class 1, 2 and 3 Claimants based on available net rental income, as described in the Plan. So long as Debtor pays out all monthly net income, none of the secured claimants will be deemed in default, even if

insuffcent funds exist to make all three payments. Debtor will provide ongoing monthly reporting to confirm compliance with the waterfall payment treatment.

**Class One**

Claim of Avatar Capital Finance, secured in first position by a deed of trust against the 72nd Property in addition to the rents thereon. The claim is impaired. The Debtor will reamortize this claim over 30 years at 9.5% interest with a balloon payment due at year 3. Debtor will also seek to refinance and market and sell the 72nd Property prior to that balloon payment date and will likely payoff the Class One Claimant much sooner. In the event Debtor cannot sell or refinance the property, Debtor will surrender the Property.

**Class Two**

Claim of Parkview Financial secured by a deed of trust against the 72nd Property in second position. The claim is impaired. The Debtor will reamortize this claim over 30 years at 9.5% interest with a balloon payment at year 3. Debtor will also seek to refinance and market and sell the 72nd Property and will likely payoff the Class Two Claimant much sooner than maturity. In the event Debtor cannot sell or refinance the property, Debtor will surrender the Property.

**Class Three**

Claim of Precision Capital secured by a deed of trust against the 72nd Property in third position. The claim is impaired. The Debtor will reamortize this claim over 30 years at 9.5% interest with a balloon payment at year 3. Debtor will also seek to refinance and market and sell the 72nd Property and will likely payoff the Class Three Claimant much sooner than maturity. In the event Debtor cannot sell or refinance the property, Debtor will surrender the Property.

**Class Four**

For administrative convenience of the Debtor, all general unsecured, nonpriority claims owed $500 or less OR who elect to reduce their claim to $500 shall be paid in full within 30 days after the Effective Date of the Plan. Debtor's estimates for payment of Administrative Convenience Claims are attached at Exhibit B. These claims will be paid from the 72nd Avenue Property, LLC Distribution Account (see Plan Art. VI, Para. 3)

**Class Five**

All general unsecured, non-priority claims owed more than $500 and who do not elect to reduce their claim to $500 will receive payment in full with interest at the Federal Judgment Rate in effect on the Effective Date, in ten semi-annual payments of $1,000 unless paid off sooner. Debtor will also contribute funds from the sale or refinance of the 72nd Property, a projection of which is attached here as Exhibit D. Projected payment schedule on the unsecured debts is outlined in Exhibit B. Unless paid off sooner, payments to the Class 5 claims shall commence on the 120th day after the Effective Date of the Plan and shall be made semi-annually thereafter.

**PENDING LITIGATION BY AND AGAINST THE DEBTOR**

As of the preparation of this Disclosure Statement there are no active court cases pending against the Debtor. Debtor was subject to a Trustee Notice of Default and Election to sell on behalf of the Class Two Claimant prior to the filing of this case. Confirmation of this Plan will eliminate that pending non-judicial foreclosure proceeding. Debtor also subject to a receivership order, which will be suspended pursuant to 11 U.S.C. 543 and subsequently terminated by confirmation of the Debtor's Plan.

**POST FILING STATUS OF BUSINESS OPERATIONS**

Debtor is filing this Plan on the Petition date and will seek to concurrently remove the receiver appointed by the Multnomah County Circuit Court as it has not effectively managed the Property to maximize revenue, has failed to pay outstanding bills, and otherwise poorly discharged its assigned duties.

The Projected Income Statement spreadsheet attached to this Disclosure Statement as Exhibit C provides the profit and loss projected for the current year to date, and as projected for the first 3 years of the Plan.

## IMPLEMENTATION OF PLAN AND FEASIBILITY

The plan will be implemented in whole or in part by the following: First, Debtor shall remove the 72nd Property from the market and immediately stabilize the rental situation and bring the occupancy back up to 95%. Debtor's Member believes that he can accomplish this by December 31, 2024. Second, once the 72nd Property is stabilized at 95% occupancy, he will retain a new realtor to list and market the property with a projected sale timeline of 1-2 years. Third, Debtor and Debtor's Member will use best efforts to immediately seek a refinance of the Property. As to the secured creditors, Debtor will distribute rents monthly, to those creditors in order of lien priority, after payment of all outstanding expenses to operate the business. As to the unsecured creditors, Debtor's Member shall personally pay the semi-annual pro-rata payments, if insufficient funds exist from from the Debtor's business operations after repayment of the secured creditors. Ultimately, all creditors will be satisfied from positive cash flow realized from the refinance and operation of the property in the future or sale of the 72nd Property as outlined at Exhibit D. Debtor also plans to renegotiate the leases of the 72nd Property to maximize cash flow on an ongoing basis.

PAGE 8 –CHAPTER 11 DISCLOSURE STATEMENT DATED April 30, 2024

Case 24-31211-pcm11    Doc 10    Filed 04/30/24

To aid in analysis, attached to this Disclosure Statement are various spreadsheets as detailed below. These spreadsheets have been prepared by or at the direction of the Debtor. The Debtor believes them to be accurate but they have not been prepared by an accountant. The spreadsheets include:

Exhibit A – Estimated Liquidation Analysis of the Debtor

Exhibit B – Projected Distributions to Creditors

Exhibit C – Cash Flow Forecast and Rent Roll

Exhibit D – Potential Results of a 72nd Property sale.

Exhibit E – Equity Cushion Analysis

## MANAGEMENT AND INSIDERS' SALARIES

Debtor's Member shall continue to manage the Debtor after confirmation. Debtor shall not compensate the Member for his management activities until the 72nd Property is refinanced. Upon refinance of the 72nd Property, the Member shall be entitled to a $500 monthly salary for his efforts. However, Debtor's Member will elect to reduce his salary in the event he needs funds to make his remaining semi-annual payments to the Class 5 claimants as outlined above.

## DEFAULT

Except as otherwise specified in Article VII of the Plan, in the event the Debtor shall default in the performance of any of its obligations under the Plan, then the holder of each affected claim may pursue such remedies as are available at law or in equity. Debtor may surrender the 72nd Property to the secured claimants, if they enter default, in full satisfaction of any remaining claims owed to those claimants. An event of default occurring with respect to one claim shall not be an event of default with respect to any other claim. Nothing contained in the Plan shall limit the right of any party to move to reopen this case or to move for conversion of

this case to a liquidation case under chapter 7 of the United States Bankruptcy Code if cause for such relief exists.

## RISKS

Risks of the plan include the chance that the Debtor will be unable to fund the Plan which would come about from (a) inability to refinance or sell the 72nd Property or (b) failure to realize sufficient cash flow from the business operations. In such an event, the Debtor can and will convert its case to chapter 7.

## ALTERNATIVES

Alternatives to the plan include dismissal of the case, conversion of the case to a case under chapter 7 or adoption of a different plan.

If the case is dismissed, creditors may assert and enforce their claims against Debtor by any method allowed by law. Secured creditors will foreclose their security interests and unsecured creditors may obtain judgments and levy execution on unencumbered assets. Debtor asserts that a trustee sale of the Property by the secured lienholders will likely eliminate any recovery for the unsecured creditors and likely some of the junior secured creditors as well.

If this case is converted to a chapter 7 case, a trustee will be appointed to liquidate Debtor's assets for the benefit of the estate. Costs of liquidation, secured claims (with respect to the specific collateral liquidated), administrative claims and priority claims will have to be paid in full before any payments to unsecured creditors can be made. The Debtor expects that any chapter 7 liquidation will take up to 2 years and entail administrative expense due to the additional wind up of the business and claim collections. Further, in the event of conversion or dismissal, the senior or second position lienholder will likely attempt to continue their non-

judicial foreclosure and secure all rental income from the Property, which may limit the ability of junior creditors to receive anything on their claims.

The attached Exhibit A shows the Debtor's estimate of the probable results if the Debtor is liquidated in a chapter 7 case, including the resultant amount available to pay unsecured claims and the anticipated percentage dividend to unsecured creditors. The Proponent believes that if the Debtor is liquidated in a chapter 7 case, holders of junior secured and general unsecured claims will receive less than they would receive under the Plan as proposed and the risk of loss is considerably higher.

### SATISFACTION OF INDEBTEDNESS AND DISCHARGE OF CLAIMS

The distribution made to the various classes of creditors as provided for in the Plan shall be in full and complete satisfaction of their Allowed Claims. The Debtor will move to close this case pursuant to FRBP 3022 after Substantial Consummation of the Plan as defined under 11 U.S.C. § 1101. The case will automatically reopen, upon the filing of a Notice of Payment Completion and a Request for Entry of Discharge pursuant to 350(b), LBF 1191.3, and FRBP 5010. The court upon review of the record, the Plan, Debtor's certified LBF 1191.3, and any comments from creditors will issue a discharge, pursuant to §1141 after the case is reopened after the completion of all Plan payments. The discharge of the Debtor-in-possession shall be effective as to each claim regardless of whether or not (a) a proof of claim was filed, (b) the claim was allowed, or (c) the holder thereof voted to accept the Plan.

### VOTING AND CONFIRMATION

All impaired classes have the right to vote on the plan. Insiders may not vote on the Plan. The Plan states which classes are impaired and will be entitled to vote; if the plan states that a class is not impaired and will not be allowed to vote, a member of that class may seek a ruling from the court that the class is in fact impaired and the class must be allowed to vote.

The Court may confirm the proposed Plan if, for each voting class, it has been accepted by holders of claims in such class which total at least two-thirds in amount and more than one-half in number of the allowed and voting claims therein. If the requisite acceptances are not obtained, the Court may nevertheless confirm the plan, thereby binding the rejecting class, if the Plan: a) does not discriminate unfairly against a rejecting class; b) is "fair and equitable" to that class (within the meaning of 11 USC§1129(b)(1)); and c) meets the other requirements of 11 USC§1129.

Regardless of the vote tally the Court must find that certain statutory requirements have been satisfied before it can confirm the Plan. For example, the Court must find that the Plan is feasible and that creditors will get at least as much under the plan as they would get if Debtor's assets were liquidated in a chapter 7 case. Whether or not you have the right to vote, if you do not believe that the Plan complies with statutory requirements or if you otherwise object to confirmation of the Plan, you must file objections to confirmation within the time specified in the accompanying notice and should appear at the confirmation hearing.

After confirmation, all Estate property vests in Debtor except as otherwise provided by the Plan or the confirmation order. If the Plan is confirmed, all rights and claims against Debtor will be extinguished, except as otherwise provided by the Plan. Creditors will be bound by the Plan, whether or not they voted for it. Creditors generally cannot revive pre-confirmation obligations even if a debtor fails to perform as specified in the Plan.

72nd Avenue Property, LLC

DATE: 4/30/2024        PROPONENT: By:   /s/ Richard Cassinelli
                                        Richard Cassinelli, Its Member/Manager

| | | | Running Total |
|---|---|---|---|
| **MDO & Associates, P.C. Best Interest Test Analysis - Exhibit A** | | | |
| **Debtor(s): 72nd Avenue Property** | | | |
| **Case#:** 24-31211 | | | |
| | | | **$199,858.00** |
| Current Market Value of Real Property | | | $17,800,000 |
| Less 3% Cost of Sale | | | $534,000 |
| | | Subtotal | $17,266,000 |
| Less Homestead Exemption | | | $0 |
| Non-Exempt Real Property Proceeds | | Subtotal | $17,266,000 |
| Less Capital Gains Tax | | | $192,900 |
| | | Subtotal | $17,073,100 |
| Less Any Allowable Liens on Real Property | | | $15,980,000 |
| | | Subtotal | $1,093,100 |
| Net Sale Price From Personal Property | | | $10 |
| Less 15% Outside Agent Fee | | | $2 |
| | | Subtotal | $9 |
| Plus **CASH** | | | $0 |
| Less Allowed Exemptions | | | $0 |
| | | Subtotal | $9 |
| Less Any Allowable Liens on Personal Property | | | $0 |
| | | Subtotal | $9 |
| Non-Exempt Real and Personal Property Total | | | $1,093,109 |
| Less Trustee Commission | | | $893,251 |
| **AMOUNT AVAILABLE FOR BEST INTEREST:** | | | **$199,858.00** |
| Calculation for Trustee's Commission | | | |
| Sale Price of Real Property (Less Exemption) | | | $17,800,000 |
| Sale Price of Personal Property (Less Exemption) | | | $10 |
| | | Subtotal | $17,800,010 |
| 25% of First $5000 | | | $1,250 |
| 10% of $5001 to $50,000 | | | $4,500 |
| 5% of $50,001 and above | | | $887,501 |
| | | Total Commission | $893,251 |

| Real Property Summary | | | |
|---|---|---|---|
| **Description** | **Value** | **Lien** | **Exemption** |
| 72nd Property | $17,800,000.00 | $15,980,000.00 | $0.00 |
| **Personal Property** | | | |
| **Description** | **Value** | **Lien** | **Exemption** |
| Cash & Accounts | $0.00 | $0.00 | $0.00 |
| Trademark | $10.00 | $0.00 | $0.00 |

| | | | Projected Cash Flow and Disbursements by Creditor | | | |
|---|---|---|---|---|---|---|
| | | | Exhibit B, to Disclosure Statement dated April 30, 2024 | | | |
| | | | In re 72nd Avenue Property, LLC | | | |
| Date of Disbursement | Amount of Claim | Claim Status | Creditor | POC # | Payment Amount | Projected Disbursem |
| Effective Date + 30 (Then quarterly thereafter with a balloon at month 60) | $0.00 | Priority | Oregon Department of Revenue | 3 | $0.00 | $0.00 |
| Effective Date + 30 (Then quarterly thereafter with a balloon at month 60) | $0.00 | Priority | Internal Revenue Service | 9 | $0.00 | $0.00 |
| Date of Disbursement | Amount of Claim | Claim Status | Creditor | POC # | Payment Amount | Projected Plan Disbursement |
| Effective Date +30 | $431.00 | Admin. Conv. | PGE | | $431.00 | $431.00 |
| Effective Date +30 | $395.00 | Admin. Conv. | Jacks Overhead Door | | $395.00 | $395.00 |
| Effective Date +30 | $60.00 | Admin. Conv. | Wave Broadband | | $60.00 | $60.00 |
| Effective Date (then every month thereafter until Balloon at year 3) | $12,320,000.00 | Secured | Avatar | | $103,593.24 | Paid in Full |
| Effective Date (then every month thereafter until Balloon at year 3) | $2,410,000.00 | Secured | Parkview | | $20,264.59 | Paid in Full |
| Effective Date (then every month thereafter until Balloon at year 3) | $1,250,000.00 | Secured | Precision Capital | | $10,510.68 | Paid in Full |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $13,390.00 | | City of Tigard | | $21.21 | $212.11 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $3,078.00 | | Apartments.com | | $4.88 | $48.76 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $0.00 | | Cobolt Properties Management | | $0.00 | $0.00 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $143,000.00 | | Commerical Center | | $226.53 | $2,265.26 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $6,749.00 | | Dunn Carney | | $10.69 | $106.91 |

| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $420,000.00 | Hill Architects, PC | | $665.32 | $6,653.21 |
|---|---|---|---|---|---|
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $2,057.00 | Schindler Elevator | | $3.26 | $32.58 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $24,000.00 | Capifi Funding | | $38.02 | $380.18 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $0.00 | Tualatin Valley Water | | $0.00 | $0.00 |
| Effective Date +120 (then semi-annually thereafter until Balloon at year 5) | $19,000.00 | United First | | $30.10 | $300.98 |
| Total of Unsecured Claims: | $631,274.00 | | | | |
| | | | | Total Projected Plan Disbursement (General Unsec prior to Balloon): | $10,000.00 |
| Projected Semi-Annual Unsecured Payment: | $1,000 | | | | |

## Phase 1 - The 72nd - Income and Expense Summary

| Income Components | | | | | | Pro Forma Income and Expenses | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total | $/Unit | % of EGI |
| **POTENTIAL GROSS INCOME:** | | | | | | | | |
| Unit Rental Income-- | Unit Sizes | Units | $/SF/Mo | $/Unit/Mo | $/Mo. | | | |
| Studio Flats | 581 | 16 | $3.10 | $1,800 | $28,800 | $345,600 | $8,229 | 30.8% |
| 1 Bedroom 1 Bath Flats | 747 | 19 | $2.82 | $2,105 | $40,000 | $480,000 | $11,429 | 42.8% |
| 2 Bedroom 2 Bath Flats | 1,064 | 2 | $2.82 | $3,000 | $6,000 | $72,000 | $1,714 | 6.4% |
| 3 Bedroom 2 Bath Flats | 1,561 | 1 | $2.56 | $4,000 | $4,000 | $48,000 | $1,143 | 4.3% |
| 1st Floor - Retail | 579 | 4 | $4.87 | $2,821 | $11,284 | $135,408 | $3,224 | 12.1% |
| Totals | 25,802 | 42 | $3.49 | $2,145 | $90,084 | $1,081,008 | $25,738 | 96.5% |
| LESS: Vacancy and Credit Loss: | | | | 5.00% | ($4,504) | ($54,050) | ($1,287) | -4.8% |
| **Supplemental Income** | | | | | | | | |
| RUB's - Water, Sewer, Garbage | | | | | $3,850 | $46,200 | $1,100 | 4.1% |
| Parking - Secured Garage, Carports, Surface | | | | | $3,500 | $42,000 | $1,000 | 3.7% |
| Pet Rent | | | | | $250 | $3,000 | $71 | 0.3% |
| Fees (Late, Lease Break, Forfeited Deposited) | | | | | $210 | $2,520 | $60 | 0.2% |
| Totals | | | | | $7,810 | $93,720 | $2,231 | 4.3% |
| **EFFECTIVE GROSS INCOME:** | | | | | $93,390 | $1,120,678 | $26,683 | 100.0% |
| **OPERATING EXPENSES:** | | | | | annual | | | |
| - Real Estate Taxes - Market | | | | | $50,523 | | $1,203 | 4.5% |
| - Insurance | | | | | $10,500 | | $250 | 0.9% |
| - Combined Utilities | | | | | $63,000 | | $1,500 | 5.6% |
| - Maintenance/Repairs - 3.0% of EGI | | | | | $33,620 | | $800 | 3.0% |
| - Cleaning/Turnover - Including in Maintenance/Repairs | | | | $0 | $0 | | $0 | 0.0% |
| - Landscaping - Included in Maintenance/Reparirs | | | | | $0 | | $0 | 0.0% |
| - Management - 5% of EGI | | | | | $56,034 | | $1,334 | 5.0% |
| - Accounting/Legal/Advertising | | | | | $15,000 | | $357 | 1.3% |
| - Reserves for Replacements | | | | $200 | $8,400 | | $200 | 0.7% |
| | | | | | $237,078 | | | |
| **TOTAL OPERATING EXPENSES** | | | | | | ($237,078) | ($5,645) | -21.15% |
| **NET OPERATING INCOME** | | | | | | $883,600 | $21,038 | 78.8% |
| **DIVIDED BY CAPITALIZATION RATE:** | | | | | | 5.00% | | |
| **VALUE** | | | | | | $17,672,001 | | |
| NET PRESENT VALUE FOR BELOW MARKET TAXES - VERTICAL HOUSING EXEMPTION | | | | | | $220,000 | | |
| LESS ABSORPTION COSTS TO REACH STABILIZED OCCUPANCY (95%) | | | | | | ($90,000) | | |
| **VALUE (rounded)** | | | | | | **$17,800,000** | **$423,810** | |

Left side labels: Revenue Summary, Operating Expenses

**Exhibit C - Pg. Page 1 of 2**

## The 72nd Phase 1 - 3 Year Monthly Pro-Forma - Exhibit C

| Period | May-24 | Jun-24 | Jul-24 | Aug-24 | Sep-24 | Oct-24 | Nov-24 | Dec-24 | Jan-25 | Feb-25 | Mar-25 | Apr-25 | May-25 | Jun-25 | Jul-25 | Aug-25 | Sep-25 | Oct-25 | Nov-25 | Dec-25 | Jan-26 | Feb-26 | Mar-26 | Apr-26 | May-26 | Jun-26 | Jul-26 | Aug-26 | Sep-26 | Oct-26 | Nov-26 | Dec-26 | Jan-27 | Feb-27 | Mar-27 | Apr-27 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 |
| Potential Gross Unit Rental Income | $90,084 | $90,534 | $90,987 | $91,442 | $91,899 | $92,359 | $92,821 | $93,285 | $93,751 | $94,220 | $94,691 | $95,164 | $95,640 | $96,118 | $96,599 | $97,082 | $97,567 | $98,055 | $98,545 | $99,038 | $99,533 | $100,031 | $100,531 | $101,034 | $101,539 | $102,047 | $102,557 | $103,070 | $103,585 | $104,103 | $104,624 | $105,147 | $105,672 | $106,201 | $106,732 | $107,265 |
| Vacancy & Credit Loss % | 31.0% | 31.0% | 26.2% | 21.4% | 16.7% | 11.9% | 7.1% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% | 4.8% |
| Vacancy & Credit Loss | ($27,883) | ($28,023) | ($23,830) | ($19,595) | ($15,317) | ($10,995) | ($6,630) | ($4,442) | ($4,464) | ($4,487) | ($4,509) | ($4,532) | ($4,554) | ($4,577) | ($4,600) | ($4,623) | ($4,646) | ($4,669) | ($4,693) | ($4,716) | ($4,740) | ($4,763) | ($4,787) | ($4,811) | ($4,835) | ($4,859) | ($4,884) | ($4,908) | ($4,933) | ($4,957) | ($4,982) | ($5,007) | ($5,032) | ($5,057) | ($5,082) | ($5,108) |
| RUB's - Water, Sewer, Garbage | $3,200 | $3,380 | $3,560 | $3,667 | $3,850 | $3,850 | $3,850 | $3,850 | $3,850 | $3,850 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,043 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,164 | $4,289 | $4,417 |
| Parking - Secured Garage, Carports, Surface | $2,465 | $2,715 | $2,965 | $3,215 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,675 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,785 | $3,899 | $4,016 |
| Pet Rent | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $273 | $273 | $273 | $273 | $273 | $273 | $273 | $273 | $273 | $273 | $273 | $273 | $281 | $281 | $281 | $281 | $281 | $281 | $281 | $281 | $281 | $281 | $281 | $281 | $290 | $290 |
| Fees (Late, Lease Break, Forfeited Deposited) | $210 | $216 | $223 | $229 | $236 | $243 | $251 | $258 | $266 | $274 | $282 | $282 | $282 | $282 | $282 | $282 | $282 | $282 | $282 | $282 | $282 | $282 | $291 | $291 | $291 | $291 | $291 | $291 | $291 | $291 | $291 | $291 | $291 | $291 | $299 | $299 |
| Total Collected Income - EGI | $68,341 | $69,088 | $74,170 | $79,224 | $84,434 | $89,222 | $94,056 | $96,716 | $97,168 | $97,622 | $98,454 | $98,905 | $99,359 | $99,814 | $100,272 | $100,732 | $101,194 | $101,659 | $102,126 | $102,595 | $103,066 | $103,540 | $104,265 | $104,744 | $105,225 | $105,708 | $106,194 | $106,683 | $107,173 | $107,667 | $108,162 | $108,661 | $109,161 | $109,664 | $110,426 | $111,180 |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Real Estate Taxes - Actual Per Vertical Housi | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | ($15,686) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | ($16,090) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | ($16,090) | $0 | $0 | $0 |
| Property Insurance | ($875) | ($875) | ($875) | ($875) | ($875) | ($875) | ($875) | ($875) | ($875) | ($875) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($901) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($928) | ($956) | ($956) |
| Combined Utilities | ($7,000) | ($5,250) | ($5,250) | ($5,250) | ($5,250) | ($5,250) | ($5,250) | ($5,250) | ($5,250) | ($5,250) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,408) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,570) | ($5,737) | ($5,737) |
| Maintenance/Repairs | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,802) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,886) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($2,972) | ($3,061) | ($3,061) |
| Management - Actual Owner | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Accounting/Legal/Advertising | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,250) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,288) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,326) | ($1,366) | ($1,366) |
| Reserves for Replacements | ($700) | ($700) | ($700) | ($700) | ($700) | ($700) | ($700) | ($700) | ($700) | ($700) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($721) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($743) | ($765) | ($765) |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Total Expenses | ($12,627) | ($10,877) | ($10,877) | ($10,877) | ($10,877) | ($10,877) | ($10,877) | ($10,877) | ($26,562) | ($10,877) | ($11,203) | ($11,203) | ($11,203) | ($11,203) | ($11,203) | ($11,203) | ($11,203) | ($11,203) | ($11,203) | ($27,293) | ($11,203) | ($11,203) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($11,539) | ($27,629) | ($11,539) | ($11,885) | ($11,885) |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Net Operating Income (NOI) | $55,714 | $58,211 | $63,293 | $68,347 | $73,557 | $78,345 | $83,180 | $85,839 | $70,605 | $86,745 | $87,251 | $87,702 | $88,156 | $88,611 | $89,069 | $89,529 | $89,991 | $90,456 | $90,923 | $75,302 | $91,863 | $92,337 | $92,726 | $93,205 | $93,686 | $94,169 | $94,655 | $95,143 | $95,634 | $96,128 | $96,623 | $97,121 | $81,533 | $98,125 | $98,541 | $99,294 |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Mortgage - Debt $15,000,000 (Post Refinance) | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Mortgage Payment - 4.5% Int, 30 Yr Amort. | | | | | | | | | | | | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) | ($76,003) |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Net Cash Flow | $55,714 | $58,211 | $63,293 | $68,347 | $73,557 | $78,345 | $83,180 | $85,839 | $70,605 | $86,745 | $87,251 | $12,153 | $12,608 | $13,066 | $13,526 | $13,988 | $14,453 | $14,920 | ($701) | $15,860 | $16,334 | $16,723 | $17,202 | $17,683 | $18,166 | $18,652 | $19,140 | $19,631 | $20,125 | $20,620 | $21,118 | $5,530 | $22,122 | $22,538 | $23,291 |
| for Waterfall Payment | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

**Exhibit C - Pg. Page 2 of 2**

Detail of Projected Refinance or Sale for 72nd Property
Exhibit D to Disclosure Statement dated 4/30/2024
In re   Case No. 24-31211

| | Value per Schedules | Projected Sale at 15% greater than Petition Value | Projected Sale at Petition Value | Projected Sale at 15% below Petition Value |
|---|---|---|---|---|
| **Sale** | | | | |
| Projected Sales Price | $17,800,000 | $20,470,000 | $17,800,000 | $15,130,000 |
| Sales Commission | 3% | $614,100 | $534,000 | $453,900 |
| Creditors | | | | |
|    Class 1 - Avatar | $12,320,000 | $12,320,000 | $12,320,000 | $12,320,000 |
|    Class 2 - Parkview | $2,410,000 | $2,410,000 | $2,410,000 | $2,410,000 |
|    Class 3 - Precision Capital | $1,250,000 | $1,250,000 | $1,250,000 | $1,250,000 |
| Estimated Net to Estate | | $3,875,900 | $1,286,000 | -$1,303,900 |

| | Value Per Schedules | Projected Refi at 15% greater than Petition Value | Projected Refi at Estimated Present Market Value | Projected Refi at 85% Estimated Present Value |
|---|---|---|---|---|
| **Refi** | | | | |
| Projected Refinance Value | $17,800,000 | $20,470,000 | $17,800,000 | $15,130,000 |
| 75% LTV Refi | | $15,352,500 | $13,350,000 | $11,347,500 |
| Payoff Consensual Liens | | | | |
|    Class 1 - Avatar | $12,320,000 | $12,320,000 | $12,320,000 | $12,320,000 |
|    Class 2 - Parkview | $2,410,000 | $2,410,000 | $2,410,000 | $2,410,000 |
|    Class 3 - Precision Capital | $1,250,000 | $1,250,000 | $1,250,000 | $1,250,000 |
| Total Payoff | | $15,980,000 | $15,980,000 | $15,980,000 |
| Estimated Net to Estate | | -$627,500 | -$2,630,000 | -$4,632,500 |

**Liquidation Cushion Calculation**
**Exhibit E**

| | |
|---|---|
| Property Value on Petition Date: | $17,800,000.00 |
| Net Monthly Pro Forma Income(after Stabilization): | $85,390.00 |
| Net Monthly Current Income: | $60,004.00 |
| Unsecured Debt: | $630,000.00 |

| | Principal | | Interest Rate | Per Diem | Monthly Interest |
|---|---|---|---|---|---|
| 1st Mortgage | $12,313,567.95 | Current | 10% | $3,373.58 | $101,207.41 |
| | | Per Plan | 9.50% | $3,204.90 | $96,147.04 |
| 2nd Mortgage | $2,408,149.44 | Current | 15% | $989.65 | $29,689.51 |
| | | Per Plan | 9.50% | $626.78 | $18,803.36 |
| 3rd Mortgage | $1,250,000.00 | Current | 9.00% | $308.22 | $9,246.58 |
| | | Per Plan | 9.50% | $325.34 | $9,760.27 |

| | | Day 0 | 6 Months | 12 Months | 18 months | 24 months |
|---|---|---|---|---|---|---|
| A) | Equity Cushion Available:<br>w/o Payments at Current Interest Rate | $1,828,282.61 | $987,421.63 | $146,560.65 | -$694,300.33 | -$1,535,161.31 |
| B) | Equity Cushion Available :<br>w/ Pro Forma Payments at Current Interest Rate | $1,828,282.61 | $1,499,761.63 | $1,171,240.65 | $842,719.67 | $514,198.69 |
| C) | Equity Cushion Avaialable:<br>w/ Current Rent Roll Payments at Current Interest Rate | $1,828,282.61 | $1,347,445.63 | $866,608.65 | $385,771.67 | -$95,065.31 |
| D) | Equity Cushion Available:<br>w/o Payments at Plan Interest Rate | $1,828,282.61 | $1,080,018.59 | $331,754.57 | -$416,509.45 | -$1,164,773.47 |
| E) | Equity Cushion Available<br>w/ Pro Forma Payments at Plan Interest Rate | $1,828,282.61 | $1,592,358.59 | $1,356,434.57 | $1,120,510.55 | $884,586.53 |
| F) | Equity Cushion Available<br>w/ Current Rent Roll at Plan Interest Rate | $1,828,282.61 | $1,440,042.59 | $1,051,802.57 | $663,562.55 | $275,322.53 |