Craig G. Russillo, OSB #973875
Email: crussillo@schwabe.com
Daniel R. Kubitz, OSB #181381
Email: dkubitz@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

*Attorneys for Parkview Financial REIT, LP & Parkview Financial Fund 2020, LP*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>72ND AVENUE PROPERTY, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-31211-pcm11<br><br>PARKVIEW FINANCIAL'S MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B) |

## I. MOTION

1.  Under section 543(d) of the Bankruptcy Code, secured creditors Parkview Financial REIT, LP and Parkview Financial Fund 2020, LP (collectively, "Parkview"); respectfully move this Court ("Motion") for the entry of an order excusing Cobalt Properties Group LLC, dba Cobalt Properties Management Group, the duly appointed receiver in the state court action, *Parkview Financial REIT, LP, et al. v. 72nd Avenue Property LLC,* Multnomah County Case No. 23CV46660 (the "Receiver") from the turnover obligations in sections 543(a) and 543(b) of the Bankruptcy Code and allowing the Receiver to remain in possession and continue to perform its duties under the Receivership Order (as defined below), subject to and to the extent it does not conflict with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Page 1 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

2. Parkview's counsel has conferred with the Receiver who does not oppose the Motion.

3. This Motion is supported by the Declarations of Alan Hiller ("Hiller Decl."), Ryan Cronin-Prather ("Cronin-Prather Decl."), and Gene D. Buccola ("Buccola Decl."), filed herewith, and state as follows:

## II. JURISDICTION

4. This court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is core within the meaning of 28 U.S.C. § 157(b).

## III. BACKGROUND

5. 72nd Avenue Property, LLC (the "Debtor") is a single-asset real estate entity that owns certain real property located in Washington County, Oregon, at 11740 SW 72nd Avenue, Tigard, OR 97223 (the "Property"). *Chapter 11 Disclosure Statement Dated April 30, 2024*, p.4. [Dkt. 10.]

6. On or about December 22, 2021, Debtor executed and delivered to Parkview a Loan Agreement dated December 22, 2021 (the "Loan Agreement"), referencing a $11,840,000 loan from Parkview to Debtor (the "Parkview Loan"). [Hiller Decl., ¶3.] A copy of the Loan Agreement is attached to the Hiller Decl. as Exhibit 1.

7. In connections with the Parkview Loan, Debtor also executed and delivered to Parkview a Promissory Note (the "Note"). [*Id.*]

8. To secure Debtor's complete and timely performance under the Loan Agreement and the Note, Debtor executed and delivered to Parkview a Deed of Trust Security Agreement, Assignment of Rents and Fixture Filing dated December 22, 2021 (the "Deed of Trust"), whereby Debtor granted Parkview a lien over the Property. The Property consists of a five-story multi-family building, with retail on the first floor. [Hiller Decl., ¶4.]

9. Parkview perfected its security interest in the Property by recording the Deed of Trust with the official records of Washington County, as Instrument No. 2021-130933. A copy

Page 2 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

of the Deed of Trust is attached to the Hiller Decl. as Exhibit 2.

10. In addition to the aforementioned documents, Debtor also executed and delivered to Parkview a Collateral Assignment of Membership Interest and Security Agreement dated December 22, 2021; Environmental Indemnity Agreement dated December 22, 2021; and other loan documents related to the forgoing (collectively, with the Loan Agreement, Note, and Deed of Trust, the "Parkview Loan Documents"). [Hiller Decl., ¶5.]

11. Under the Parkview Loan Documents, Debtor was obligated to pay the Parkview Loan in full on or before December 22, 2022. Debtor failed to do so. As a result, Parkview instituted a nonjudicial foreclosure of the Deed of Trust, scheduling a sale for June 2, 2023. [Hiller Decl., ¶6.]

12. Following Parkview's initiation of the nonjudicial foreclosure of the Deed of Trust, Avatar Portland Commercial LLC, a Delaware limited liability company ("Avatar"), made a loan to Debtor in the original principle amount of $11,250,000.00 (the "Avatar Loan"). Although the proceeds from the Avatar Loan were insufficient to pay the outstanding balance on the Parkview Loan, Parkview consented to the Avatar Loan and released its Deed of Trust on the Property in exchange for Debtor making a principal reduction payment of $10,746,619.92 against the outstanding balance of the Parkview Loan, and executing a new Deed of Trust over the Property, subordinate to Avatar's Deed of Trust securing the Avatar Loan (the "Subordinate Deed of Trust"). On or about February 15, 2023, Parkview and Debtor executed a First Amendment to Loan Documents, memorializing the conditions set forth above. [Hiller Decl., ¶7; Cronin-Prather Decl., ¶3.] Copies of the Subordinate Deed of and the First Amendment are attached the Hiller Decl. as Exhibits 3 and 4, respectively.

13. Under Section 9 of the First Amendment, an Event of Default under the Parkview Loan would occur if Debtor defaulted on the Avatar Loan. [Hiller Decl., Ex. 4.]

14. Under the First Amendment, the maturity date of the Parkview Loan was extended to May 31, 2023. On or about May 31, 2023, Parkview and Debtor executed a Second

Page 3 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

Amendment to Loan Documents, whereby the parties further extended the maturity date of the Parkview Loan to September 29, 2023. On or about September 21, 2023, Parkview and the Debtor executed a Third Amendment to Loan documents, whereby the parties further extended the maturity date of the Parkview Loan to December 31, 2023, which is the current deadline for Debtor to pay all amounts owed under the Parkview Loan. [Hiller Decl., ¶8.]

15. Under Section 3.1 of the Subordinate Deed of Trust, the Debtor conveyed to Parkview an interest in, and the right to, all rents collected from the Property. Under that section, Debtor was granted a limited right and license to collect rents from the Property, but such right and license terminates upon an Event of Default, which has occurred as a result of Debtor's default of the Avatar Loan. Under the absolute assignment in Section 3.1 of the Subordinated Deed of Trust, Debtor no longer has the right to collect any rents from the Property. [Hiller Decl., Ex. 3.]

16. Under Section 4.3(c) of the Subordinate Deed of Trust, Debtor agreed that upon an Event of Default, Parkview has the right, among other rights, to the appointment of a receiver to take possession of the Property and collect rents. *Id.*

17. In connection with the obligations under Section and Schedule 9.22 of the Avatar Loan Agreement, Debtor executed Amendment No. 1 to Operating Agreement of 72nd Avenue Property LLC (the "Operating Agreement Amendment"), whereby Debtor amended its Operating Agreement to require the appointment and maintenance of an Independent Director or Manager, as defined in Schedule A to the Amendment, which mirrors Schedule 9.22 of the Loan Agreement. [Cronin-Prather Decl., ¶¶12–14.] A copy of the Operating Agreement Amendment is attached as Exhibit 5 to the Cronin-Prather Decl.

18. In connection with the Avatar Loan, Parkview and Avatar executed an Intercreditor Agreement, setting forth Avatar's and Parkview's respective rights and obligations regarding their loans to Debtor and the Property. Under the Intercreditor Agreement, Parkview has agreed to maintain the Avatar Loan by making monthly interest-only payments in the

Page 4 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

approximate amount of $92,000, to prevent Avatar from commencing its own foreclosure. Parkview must continuing making such monthly payments to ensure that Avatar does not proceed with its own foreclosure which, if successful, would foreclose out Parkview's interest in the Property. [Hiller Decl., ¶11.; Cronin-Prather Decl., ¶11.]

19. Debtor failed to make the loan payments due on the Avatar Loan on September 1 and October 1, 2023. Beginning on November 1, 2023, Parkview began paying the monthly payments due under the Avatar Note under the parties' Intercreditor Agreement. Debtor failed to pay any amounts to Avatar in September, October, or November 2023, even though the Debtor was collecting rents from the Property. [Cronin-Prather Decl., ¶11.]

20. On or about October 9, 2023, Ryan Cronin-Prather of Avatar sent a letter to Debtor informing it that it was in default of the Avatar Loan for failing to make the monthly loan payments for September and October 2023, and for failing to pay default interest and late charges (the "Avatar NOD"). Under the Avatar NOD, Debtor was given until October 16, 2023, to cure the default, which Debtor did not do. As a result, Debtor committed an Event of Default under the Avatar Loan Documents. [Cronin-Prather Decl., ¶9.] A copy of the Avatar NOD is attached to the Cronin-Prather Decl. as Exhibit 4.

21. In early October 2023, Debtor's sole member and manager Richard Cassinelli participated in a telephone call with Mr. Cronin-Prather, Avatar's counsel, and Parkview's counsel, during which Mr. Cronin-Prather asked Mr. Cassinelli why Debtor had not made the payments on the Avatar Loan which were due in September and October 2023, and more particularly, what Debtor had done with the net operating income ("NOI") from the Property for those months. In response, Mr. Cassinelli was unable to specifically state what was done with the NOI but he did state that he had used some of the NOI for his "personal expenses." [Cronin-Prather Decl., ¶10.]

22. As a result of Debtor's default of the Avatar Loan, on or about October 23, 2023, Parkview sent Debtor a Notice of Default and Demand to Pay (the "Parkview NOD"), informing

Page 5 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3 Case 24-31211-pcm11 Doc 23 Filed 05/06/24

Debtor that it was in default of the Parkview Loan as a result of Debtor's default of the Avatar Loan. [Hiller Decl., ¶10.] A copy of the Parkview NOD is attached to the Hiller Decl. as Exhibit 6.

23. As a result of Debtor's default under the Subordinate Deed of Trust, Parkview moved for the appointment of the Receiver to take possession of the Property, manage any business thereon, and collect any rents derived from the Property. On November 28, 2023 the Receiver was appointed as receiver with respect to the Property pursuant to the Order Appointing Receiver ("Receivership Order") entered by the Circuit Court of Oregon, County of Multnomah ("State Court"). [Buccola Decl., ¶2.] A copy of the Receivership Order is attached as Exhibit 1 to the Buccola Decl.

24. Upon the entry of and in compliance with the Receivership Order, the Receiver demanded that Debtor transfer its books and records to the Receiver, but Debtor failed to do so until several weeks had elapsed and only after multiple communications between the Receiver's counsel and Debtor's counsel. [Buccola Decl., ¶4.] Copies of the correspondence the Receiver's counsel sent to Mr. Cassinelli's counsel regarding the Receiver's request for books and records associated with the Property are attached as Exhibits 1–7 to the Buccola Decl.

25. Debtor's eventual transfer of some books and records to the Receiver included Debtor's profit and loss statement for the Property from January through November of 2023 ("2023 P&L"). [Buccola Decl., ¶5.] A copy of the 2023 P&L is attached as Exhibit 8 to the Buccola Decl.

26. According to the 2023 P&L, between September and November of 2023, the Debtor received $222,588.80 in rent from the Property, but upon gaining access to the Debtor's deposit accounts, the balance was only $26,455, and Debtor never accounted for the rents received from the Property for September through November 2023. [*Id.*]

27. After its appointment as receiver, the Receiver discovered that Debtor had not been segregating tenant security deposits in a separate account as is required by Oregon law,

Page 6 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3 Case 24-31211-pcm11 Doc 23 Filed 05/06/24

forcing the Receiver to establish such a separate account and fund it from rental income for December 2023 and onwards. Mr. Cassinelli did not provide an explanation for this noncompliance with applicable law when asked by the Receiver. [Buccola Decl., ¶6.]

28. In the months following the appointment of the Receiver, Mr. Cassinelli often interfered with the Receiver's operations of the Property. This interference including sending a message to the Property's tenants on December 14, 2023 stating that within the next month or two the Receiver would be removed as receiver and that Mr. Cassinelli would "regain management control again." [Buccola Decl., ¶7.] A copy of the December 14, 2023 message to tenants is attached as Exhibit 9 to the Buccola Decl.

29. In January of 2023, Mr. Cassinelli further interfered with the Receiver's management of the Property by entering one of the tenant's units without consent, under the guise of having to make a repair, even though Mr. Cassinelli had no authority to take any action on behalf of the Debtor or the Receiver, which resulted in the tenant demanding to be released from its lease and vacating the Property, and exposed Debtor to a potential claim for violation of Oregon's Residential Landlord Tenant Act. [Buccola Decl., ¶8.]

30. Upon the closing of the Avatar loan, Michelle A. Dreyer of CSC Global became the Independent Manager under Debtor's organizational documents. On March 17, 2024, months after the appointment of the Receiver over the Debtor's property, Mr. Cassinelli, purportedly acting on behalf of the Debtor, terminated Ms. Dreyer as the Independent Member of Debtor and replaced her with Devin Stone of Stone Mountain Capital. [Cronin-Prather Decl., ¶17.]

31. In the face of Mr. Cassinelli's delays and interference, as well as a challenging lease market for multi-family properties, the Receiver has diligently managed the Property since its appointment as receiver, including—in addition to general maintenance and collection of rents—aggressive marketing of available units to potential renters across more than two dozen platforms, and quickly and appropriately responding to an incident in January 2024 where cold weather caused the freezing and bursting of some pipes in the Property. [Buccola Decl., ¶¶9–12.]

Page 7 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

32. On April 30, 2024 ("Petition Date"), Debtor filed a voluntary bankruptcy petition under subchapter V of chapter 11 of the Bankruptcy Code. [Dkt. 1.]

33. On the Petition Date, Debtor filed an Application for Employment of Attorneys for Debtor in Possession, which describes Debtor's transfer of a total of $40,000 to its proposed bankruptcy counsel in February and March 2024.[1] [Dkt. 4.]

### IV. APPLICABLE LAW

34. Sections 543(a) and 543(b) of the Bankruptcy Code describe the obligations of a custodian of a debtor's property upon the commencement of a bankruptcy proceeding, including refraining from administering a bankruptcy debtor's property "except as such action as is necessary to preserve such property" and delivering the debtor's property to the bankruptcy trustee or debtor-in-possession, as applicable.

35. Section 543(d)(1) of the Bankruptcy Code provides: "After notice and hearing, the bankruptcy court . . . may excuse compliance with subsection (a), (b), or (c) of this section if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession, custody, or control of such property."

36. In evaluating a motion under section 543(d)(1), "courts consider a number of factors in determining whether to order turnover, including '(1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the property for the benefit of its creditors; and (3) whether there has been mismanagement by the debtor.'" *In re Orchards Vill. Invs., LLC*, 405 B.R. 341, 353 (Bankr. D. Or. 2009) (quoting *Dill v. Dime Savings Bank, FSB (In re Dill)*, 163 B.R. 221, 225 (E.D.N.Y. 1994)).

---

[1] The application for employment states that these transfers were made in February and March 2025, but it is evident from the timeline and context therein that 2024 was meant.

Page 8 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

## V. DISCUSSION

37. Applying the *Orchards Village* factors to the circumstances before the court tilts strongly in favor of allowing Receiver to continue possessing and exercising control over the estate's property.

### A. Debtor's Mismanagement

38. Prior to the appointment of the Receiver, the operations of Debtor were characterized by severe and pervasive mismanagement.

39. Debtor's failure to establish and maintain a separate deposit account for the security deposits of the Property's tenants is a serious violation of landlord-tenant law that clearly establishes mismanagement. ORS 296.241; OAR 863-025-0025. *See, e.g., In re WPAS, Inc.*, 6 B.R. 40, 44 (Bankr. M.D. Fla. 1980) ("total disregard" of applicable law and "cavalier manner" of handling financial affairs establishes mismanagement).

40. Moreover, Mr. Cassinelli's inability to account for or turn over to Cobalk Debtor's NOI from rents collected for the months of September through November 2023 and his admission that at least some of these funds were used on "personal expenses" further establishes mismanagement sufficient to excuse the Receiver from complying with section 543(b). *See In re Falconridge, LLC*, No. 07-bk-19200, 2007 Bankr. LEXIS 3755 at *26 (Bankr. N.D. Ill. Nov. 8, 2007) (debtor's failure to account for income prior to receivership is "evidence of continued mismanagement and questionable business practices that warrant [receiver] being excused from complying with § 543(b)"); *In re Orchards Vil. Invs., LLC*, 405 B.R. at 353–54 (excusing receiver from turnover after determining that Debtor's failure to pay secured lender or property taxes while disbursing funds to equity holders was mismanagement).

### B. Interference with the Receivership

41. Mr. Cassinelli's reactions to the appointment of the Receiver as receiver provide further evidence that the Receiver's continued possession and operation of the Property are in the best interests of the creditors. *See In re Wallace*, No. 11-21077-TLM, 2011 Bankr. LEXIS 4382

Page 9 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

at *32 (Bankr. D. Idaho Nov. 18, 2011) (court was "not convinced Debtors will use the rental income from the properties for the benefit of their creditors" due to Debtors' "general disregard" for its obligations).

42.     In particular, Debtor's delayed transfer of its books and records to the Receiver, and its non-transfer (and possible retention) of the rental income from September to November 2023 in defiance of the Receivership Order, raise serious questions of whether or how completely the Debtor would comply with any future order to turn assets of the estate over to a chapter 11 trustee (should one be appointed) or a chapter 7 trustee upon conversion.

43.     Finally, Mr. Cassinelli's purported removal of Ms. Dreyer as Independent Manager of Debtor without following the procedures for replacement of the independent manager in Debtor's operating agreement, including providing inadequate notice and not allowing Avatar an opportunity to approve the replacement, is further evidence of Debtor's unwillingness to operate the Property for the benefit of its creditors.

44.     Accordingly, to avoid the risk of Debtor operating the Property at the expense of its creditors and to foreclose the possibility of Debtor refusing to comply or frustrating any future order regarding turnover of the Property to a trustee, the Receiver should be excused from turning over the Property to Debtor.

### C. The Receiver's Able and Diligent Management

45.     In contrast to Debtor's mismanagement, the Receiver's operation of the Property has been able and diligent since its appointment as receiver over the Property. *See* Buccola Decl., ¶¶9–12.

46.     Accordingly, the Receiver's continuation in that role is in the best interests of Debtor's creditors. *See, e.g.*, *In re Sundance Corp.*, 83 B.R. 746, 749–50 (Bankr. D. Mont. 1988) (holding that best interests of chapter 11 debtor's creditors were served by permitting receiver to continue in possession of when such receiver had ably operated debtor's property).

Page 10 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

## VI. CONCLUSION

47. Parkview respectfully submits that the Receiver's able performance in its role as the safeguard and custodian of the assets and operations of the Property since its appointment as receiver, combined with Debtor's mismanagement of the Property prior to the appointment and its interference with the management of the Property upon and after the appointment, strongly support a finding that the best interests of the creditors are served by excusing Cobalt's compliance with sections 543(a) and 543(b) of the Bankruptcy Code during the pendency of this case, and allowing the Receiver to remain in possession and continue to perform its duties under the Receivership Order (as defined below), subject to and to the extent it does not conflict with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Dated this 6th day of May, 2023.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   s/ Craig G. Russillo
Craig G. Russillo
Email: crussillo@schwabe.com
Daniel R. Kubitz
Email: dkubitz@schwabe.com
Telephone: 503.222.9981

*Of Attorneys for Parkview Financial REIT, LP & Parkview Financial Fund 2020, LP*

Page 11 of 14- MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3    Case 24-31211-pcm11    Doc 23    Filed 05/06/24

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2024, I caused to be served the PARKVIEW FINANCIAL'S MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(b); NOTICE OF HEARING ON PARKVIEW FINANCIAL'S MOTION FOR ORDER EXCUSING RECEIVER TURNOVER OBLIGATION UNDER 543(A)&(B); DECLARATION OF ALAN HILLER; DECLARATION OF RYAN CRONIN-PRATHER; and DECLARATION OF GENE D. BUCCOLA on the following party at the following address:

**by:** ☒ **electronic service (ECF):**

- THEODORE J PITEO on behalf of Debtor 72nd Avenue Property, LLC:
  ted@pdxlegal.com; enc@pdxlegal.com; Lauren@pdxlegal.com; Jackie@pdxlegal.com; hugo@pdxlegal.com

- US Trustee, Portland: USTPRegion18.PL.ECF@usdoj.gov

**by:** ☒ **U.S. First Class Mail:**

**Richard Cassinelli**
Managing Member for Debtor
4804 NW Bethany Blvd #I-2
Portland, OR 97229

**Attorney Julia Manela**
1203 Willamette
Suite 200
Eugene, OR 97401

**American Life and Security Corp**
c/o President Mike Minnich
2900 S 70th Street
Unit 400
Lincoln, NE 68506

**Avatar Portland Commercial, LLC**
c/o Manager TR Hazelrigg IV
1200 Westlake Avenue N, Suite 1006
Seattle, WA 98109

**Apartments, LLC**
1331 L Street, NW
Washington, DC 20005

**Capifi Funding**
3323 NE 163rd Street
Suite 401
North Miami Beach, FL 33160

Page 1 of 3- CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

| | | |
|---|---|---|
| 1 | **Capifi Funding**<br>c/o GMFunding and agent Vladimir Joseph<br>150 Trumbull St.<br>3rd Fl<br>Hartford, CT 06103 | **Hill Architects, P.C.**<br>c/o President Lloyd Hill<br>1750 Blankenship Road, Suite 400<br>West Linn, OR 97068 |
| | **City of Tigard**<br>Utility Billing<br>13125 SW Hall Blvd<br>Tigard, OR 97223 | **I.C. Systems, Inc**<br>PO Box 64378<br>444 Hwy 96 East<br>Saint Paul, MN 55164-0378 |
| | **Cobalt Properties Group**<br>Crickett Bittner<br>Portland Portfolio Manager<br>376 SW Bluff Drive, Suite 8<br>Bend, OR 97702 | **Internal Revenue Service**<br>Bankruptcy Notices<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| | **Cobalt Properties Management Group, Inc.**<br>c/o Gene D. Buccola<br>333 SW Upper Terrace Drive<br>Bend, OR 97702 | **Jack's Overhead Door, Inc.**<br>PO Box 230368<br>Tigard, OR 97281-0368<br><br>**Juan C. Zorrilla, Esq - Registered Agent**<br>1395 Brickell Ave<br>14th Fl<br>Miami, FL 33131 |
| | **Commercial Center**<br>519 SW Park Avenue, Suite 217<br>Portland, OR 97205 | **McEwen Gisvold, LLP**<br>1100 SW 6th Ave., #1600<br>Portland, OR 97204 |
| | **Corporation Service Company**<br>PO Box 2576<br>Springfield, IL 62708 | **Oregon Department Of Revenue**<br>Bankruptcy Notice Dept.<br>955 Center Street, NE<br>Salem, OR 97301-2555 |
| | **Delta Fire**<br>14795 SW 72nd Ave<br>Portland, OR 97224 | **Pacwest Funding, Inc**<br>c/o President Kevin Simrin<br>4710 VILLAGE PLAZA LOOP<br>STE 100<br>Eugene, OR 97401 |
| | **Dunn Carney**<br>851 SW 6th Avenue, Suite 1500<br>Portland, OR 97204 | |
| | **Ellen F. Rosenblum, Attorney General**<br>100 Justice Building<br>1162 Court St. NE<br>Salem, OR 97310 | **Portland General Electric**<br>7895 SW Mohawk St<br>Tualatin OR 97062 |

Page 2 of 3- CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11    Doc 23    Filed 05/06/24

| | | |
|---|---|---|
| 1 | **Precision Capital** | |
| 2 | c/o RA Kevin Simrin<br>4710 Village Plaza Loop, Suite 100 | **United First, LLC**<br>c/o Manager Boris Musheyev |
| 3 | Eugene, OR 97401 | 29999 NE 191st Street<br>Unit 901 |
| 4 | **Schindler Elevator Corporation**<br>13122 Northeast David Circle, #400 | Miami, FL 33180 |
| 5 | Portland, OR 97230-1706 | **US Attorney General**<br>Attn: Merrick Garland |
| 6 | **The Corporation Trust Company** | 950 Pennsylvania Avenue, NW |
| 7 | RA for Avatar Portland Commerical, LLC<br>1209 Orange St | Washington, DC 20530-0001 |
| 8 | Wilmington, DE 19801 | **US Attorney Oregon**<br>c/o Civil Process Clerk |
| 9 | **Tualatin Valley Water District** | 1000 SW Third Ave |
| 10 | Bankruptcy Notices<br>1850 SW 170th Avenue | Suite 600<br>Portland, OR 97204 |
| 11 | Beaverton, OR 97003-4211 | **Wave Broadband** |
| 12 | **United First, LLC** | Attn: Business Solutions RE Bankruptcy |
| 13 | 2999 NE 191st Street<br>Unit 901 | 3700 Monte Villa Parkway<br>Bothell, WA 98021 |
| 14 | Miami, FL 33180 | |

*s/ Craig G. Russillo*
Craig G. Russillo

Page 3 of 3-   CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981

129361\268776\DRK\45596408.3

Case 24-31211-pcm11   Doc 23   Filed 05/06/24